IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETHA LUCKETT, :
    Plaintiff : No. 1:12-cv-1588
:
v. :
:
DOMINICK DEROSE, et al., : (Chief Judge Kane)
    Defendant :

## ORDER

On August 14, 2012, Plaintiff Kennetha Lucket, at the time an inmate at the Dauphin County Prison (DCP), filed a complaint against Defendants Warden Dominick DeRose and Lieutenant Smith ("DCP Defendants"), as well as PrimeCare Medical, Inc. In her complaint, Plaintiff alleges that her constitutional rights were violated when she was shocked by lightning at DCP as a result of water leaks. (Doc. No. 1.) Plaintiff further alleges that she received insufficient medical care following the incident.

On October 17, 2012, the Court received a letter from DCP, advising that Plaintiff had been transferred to a work release center. (Doc. No. 8.) The letter did not include a new address for Plaintiff. On December 17, 2012, DCP Defendants and Defendant PrimeCare Medical filed motions to dismiss Plaintiff's complaint. (Doc. Nos. 17, 18.) Plaintiff filed no response thereto; thus, on April 19, 2013, the Court directed Plaintiff to file a brief in response within 14 days of the order or risk dismissal pursuant to Federal Rule of Civil Procedure 41(b). (Doc. No. 25.) The Court's order was returned as undeliverable. (Doc. No. 26.) The Court inquired with DCP as to Plaintiff's current address, but DCP notified the Court that Plaintiff was released on parole on March 27, 2013.

The Court has taken proper efforts to locate Plaintiff, but Plaintiff has failed to keep the

1

Court informed of her address. Because Plaintiff has made no effort to communicate with the Court since August 2012, and has failed to respond to Defendants' motions or the Court's order, the Court will dismiss Plaintiff's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Prior to dismissing a case under Rule 41(b), the Court must first consider the factors articulated by the United States Court of Appeals for the Third Circuit in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). The factors to balance are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. (citing Poulis, 747 F.2d at 868).

Upon consideration of the Poulis factors, the Court finds that dismissal for failure to prosecute is proper in this case. First, Plaintiff is proceeding pro se, and thus is responsible for her own actions. Plaintiff is responsible for informing the Court of her address, responding to motions, and complying with Court orders.

With respect to the second factor, the Court is without sufficient information to support a finding that Plaintiff's delays have materially prejudiced Defendants. "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witness memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Briscoe v. Klaus, 538 F.3d 252, 259 (3d Cir. 2008) (internal quotation marks and citation omitted). But "prejudice is not limited to 'irremediable' or 'irreparable' harm. It also includes the burden

imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Id. (internal citations and quotation marks omitted). Plaintiff's delays and failure to participate in this litigation have likely frustrated Defendants; however, nothing has been presented to the Court to suggest that Plaintiff's delays have materially prejudiced Defendants beyond mere inconvenience and additional costs of litigation. See Adams v. Trs. of N.J. Brewery Emps. Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) ("It is possible the [defendants] may suffer some prejudice from this delay, in the form of additional costs or lost information. But there has been no testimony to this effect, and such prejudice, if it exists, would be minor and appropriately addressed by more modest sanctions than dismissal."). Thus, this factor does not weigh in favor of dismissal.

Third, Plaintiff's failure to respond to Defendants' motions and the Court's orders evinces a history of dilatoriness. Plaintiff has had no communication with the Court since August 2012; her utter failure to participate in the litigation that she initiated seven months ago strongly weighs in favor of dismissal.

Fourth, although she was given opportunities to respond to Defendants' motions to dismiss, Plaintiff has failed entirely to communicate with the Court or Defendants in any way. Plaintiff has not provided the Court with any reason for her nonperformance. Thus, while the Court does not have sufficient information to support a finding of bad faith or willfulness, this factor cannot be said to weigh against dismissal. In the absence of any explanation for Plaintiff's failure to prosecute, this factor is neutral to the Court's analysis.

Fifth, monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent, having already been granted in forma pauperis status. (See Doc. No. 7.)

3

Finally, as to the sixth factor, "[a] claim . . . will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." Poulis, 747 F.2d at 870. Plaintiff's allegations against Defendant PrimeCare Medical are not meritorious, because she has not alleged sufficient facts to hold PrimeCare Medical responsible for the alleged acts of its employees under 42 U.S.C. § 1983. See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 545, 583-84 (3d Cir. 2003); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-92 (1978). Moreover, Plaintiff's allegations against Defendants DeRose and Smith are not meritorious because she failed to allege facts sufficient to hold them liable under the Eighth Amendment for deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 828-29 (1994). Moreover, even if Plaintiff's claims were meritorious on their face, given Plaintiff's failure to participate in any way in the prosecution of her claims, a balancing of the Poulis factors clearly supports dismissal of Plaintiff's lawsuit.

In balancing the Poulis factors, the Third Circuit has explained that "no single Poulis factor is dispositive," and "not all of the Poulis factors need be satisfied in order to dismiss a complaint." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). There is no "magic formula" to determine how the Poulis factors should be balanced, and the determination is within the district court's discretion. Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008). In this case, the Court is "powerless to provide protection, even as to a bona fide [civil rights] claim . . . , without the continued participation of the plaintiff, who after all is the one who commences the action and seeks redress through the judicial process." Robinson v. English Dep't of the Univ. of Pa., Nos. 87-cv-2476, 87-cv-2554, 1988 WL 120738, at *3 (E.D. Pa. Nov. 8, 1988). On balancing the factors,

the Court is satisfied that Plaintiff's complete failure to participate in litigation warrants dismissal pursuant to Federal Rule of Civil Procedure 41(b).

**ACCORDINGLY**, on this 15th day of May 2013, **IT IS HEREBY ORDERED THAT** this case is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, and Defendants' motions to dismiss (Doc. Nos. 17, 19) are **DENIED AS MOOT**. The Clerk of Court is directed to close the case.

 S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania